IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-01517-WDM-MJW

ING INVESTMENT PLAN SERVICES, LLC f/k/a CITISTREET LLC,

      Plaintiff,

v.

RONALD SOLBERG,

      Defendant.

---

## ORDER ON MOTION TO DISMISS

---

Miller, J.

      This matter is before me on Defendant Ronald Solberg's Motion to Dismiss (Docket No. 6), in which he argues, in essence, that this case is governed by the Employee Retirement Income Security Act ("ERISA") and that therefore a statute of limitations as determined by ERISA should apply.  Plaintiff ING Investment Plan Services ("IIPS") opposes the motion and denies that ERISA preempts state law in this case.  After a review of the pleadings and the parties' written arguments,[1] I conclude oral argument is not required.  For the reasons that follow, the motion to dismiss will be denied without prejudice.

### Background

      According to the Plaintiff's First Amended Complaint ("Complaint")[2] (Docket No. 5),

---

[1]I note that Defendant did not file a reply brief.  Because the time for Defendant to file this brief has expired I consider briefing to be complete.

[2]Because the plan documents and relevant service agreements are central to the claims and are referred to in the Complaint, I consider them to be incorporated in the

Defendant Solberg is a former employee of Avaya, Inc. ("Avaya").  Avaya sponsored a pension plan (the "Plan") for its employees and Solberg was a participant.  CitiStreet, LLC, and thereafter Plaintiff IIPS,[3] provided non-discretionary administrative services to the Plan but was not the Plan's administrator.  CitiStreet and IIPS, as the administrative service provider, were responsible for such functions as making initial determinations of eligibility on claims, receiving information from beneficiaries, communicating with relevant parties, and maintaining records for the Plan.  Final decisions and all discretionary functions remained with the Plan and its administrator.

Solberg retired from Avaya and elected to receive a lump sum payment as payout of his benefits.  IIPS directed the Plan to pay Solberg $381,816.35, which was made on or around November 1, 2005.  However, IIPS alleges that its calculation of the amount owed to Solberg was in error and Solberg was overpaid by $111,249.65.

The Plan notified Solberg of the mistaken overpayment by letter dated May 4, 2007 and demanded reimbursement.  Solberg contested the reimbursement.  The matter went to the Plan's administrative appeal procedures, but there is no indication that Solberg sought to appeal the decision regarding his entitlement to the amount at issue in the district court or otherwise.

---

pleadings and by referencing them do not convert the motion to a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

[3]IIPS acquired CitiStreet on or around July 1, 2008 and assumed its responsibilities as the administrative service provider to the Avaya Plan.

IIPS reimbursed the Plan for the overpayment.   IIPS now seeks to recover the amount of the overpayment from Solberg.   It asserts two state law causes of action in the Amended Complaint: (1) unjust enrichment; and (2) conversion.   Jurisdiction in this court is based on diversity pursuant to 28 U.S.C. § 1332.

<u>Standard of Review</u>

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Factual allegations "must be enough to raise a right to relief above the speculative level."   *Id.* at 555.   The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.   *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

"The plausibility standard is not akin to a 'probability requirement,'" but the allegations must "permit the court to infer more than the mere possibility of misconduct."   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"   *Id.* (quoting *Twombly*).   Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Id.* at 1950.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."   *Id.*   Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief."   *Id.*

3

Discussion

Solberg argues that IIPS's claim is governed by ERISA, which has no specific statute of limitations but generally relies on analogous state statutes of limitations. Solberg then contends that the applicable statute of limitations is C.R.S. § 13-8-102(1)(g), which provides a two-year statute of limitations for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute." Although Solberg's argument depends entirely on showing that ERISA governs or preempts IIPS's state law claims, he provides no preemption analysis or argument to show why ERISA should apply here.

In response, IIPS argues that its claims are not preempted by ERISA because, *inter alia*, it is not seeking a remedy under ERISA, it is not a fiduciary under ERISA, and it does not have standing to bring suit under ERISA.

ERISA contains an express conflict preemption provision which states that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan." 29 US.C. § 1144(a). Solberg appears to assume that since the debt derives from an ERISA plan, it therefore "relates to" an ERISA plan and is preempted. However, ERISA preemption, while broad, does not apply universally. Rather, as noted by IIPS, claims that do not affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries are not preempted. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999). In light of the objectives of ERISA, the Tenth Circuit has identified four categories of state laws that may be preempted by ERISA:

(1) laws regulating the type of benefits or terms of ERISA

4

plans;
(2) laws creating reporting, disclosure, funding or vesting requirements for such plans;
(3) laws providing rules for calculating the amount of benefits to be paid under such plans; and
(4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans.

*David P. Coldesina, D.D.S., P.C., Employee Profit Sharing Plan & Trust v. Estate of Simper*, 407 F.3d 1126, 1136 (10th Cir. 2005) (citing *Woodworker's Supply*, 170 F.3d at 990). In general, "[a]s long as a state law does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the law has some economic impact on the plan does not require that the law be invalidated." *Airparts Co. Inc., v. Custom Benefit Servs. of Austin*, 28 F.3d 1062, 1065 (10th Cir.1994) (internal quotations and citations omitted).

A second aspect of ERISA preemption is termed "complete preemption" and concerns ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). *Coldesina*, 407 F.3d at 1137. Under this doctrine, a claim that duplicates, supplements, or supplants the remedies provided by ERISA are preempted. *Id.* A claim falls within ERISA's civil enforcement scheme when it is based solely on legal duties created by ERISA or the plan terms, rather than some other independent source. *Id.*

I cannot determine from the information provided whether IIPS's claims are preempted by ERISA and, therefore, which statute of limitations should apply. Solberg has not filed an answer and, therefore, it is unclear whether he would defend this action by challenging the amount or even the existence of the overpayment. Should he do so, such a defense would almost inevitably involve resort to the terms of the Plan's governing documents, which could thereby implicate ERISA remedies or rules for calculating benefits.

5

Although it is possible that Solberg should be estopped from challenging the right of IIPS to collect the overpayment or the amount, since he previously had the opportunity to assert such defenses, no argument in this regard has been presented.

In addition, IIPS's argument that ERISA does not apply because IIPS is not a fiduciary of the Plan is unavailing. If ERISA preempts state remedies in this case, and IIPS does not have standing under ERISA, then this would mean that IIPS could not pursue the claims, not that ERISA does not apply. In addition, IIPS ignores the effect of its position in the case as a subrogee of the Plan. Subrogation is defined as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." *Behlen Mfg. Co. v. First Nat'l Bank of Englewood*, 28 Colo. App. 300, 309, 472 P.2d 703, 707 (1970) (quoting *D.W. Jaquays & Co. v. First Sec. Bank*, 101 Ariz. 301, 419 P.2d 85, 88 (1966)); *see also Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 834 (Colo. 2004) ("Subrogation allows a party who discharges another's debt to 'stand in the shoes' of the subrogor [creditor]."). IIPS's right to assert the claim arises from equity, which allows "a party secondarily liable who has paid the debt of the party who is primarily liable [to] institute a recovery action in order to be made whole." *Mid-Century Ins. Co. v. Travelers Indem. Co.*, 982 P.2d 310, 315 (Colo. 1999) (citing 16 GEORGE J. COUCH, CYCLOPEDIA OF INSURANCE LAW § 61:20 (Mark S. Rhodes ed., 2d ed.1983)). In other words, IIPS is asserting the rights of the Plan in recovering the alleged overpayment; since the Plan is clearly an ERISA party and IIPS is standing "in its shoes," there is at least a question whether IIPS could or should be treated as an ERISA party in this lawsuit.

Because the issues of preemption, subrogation, and estoppel have not been

adequately briefed, I cannot determine from the pleadings or otherwise whether ERISA

applies here and how that should affect the determination of the statute of limitations.

Accordingly, it is ordered:

1.      The Motion to Dismiss (Docket No. 6) is denied without prejudice.

DATED at Denver, Colorado, on February 16, 2010.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge